## Joseph N. Emmons v. G. V. Hilton.

1. ASSIGNMENTS OF ERROR—*Must be Based Upon the Record.*—An assignment of error which has no sufficient basis in the record is not well taken.

2. TRIALS.—*Right of Argument.*—Where there is an issue in a case to be submitted to a jury, it is error to deprive counsel of the right of argument.

3. JURY.—*Right to Pass upon the Credibility of Witnesses.*—The jury are not bound to accept as absolutely true the testimony of any particular witnesses as to any matter in issue. They have the right to pass upon the credibility of such witnesses and in so doing to consider their interest, if any, in the result of the suit.

**Suit for Professional Services.**—Transcript from a justice of the peace. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed November 2, 1897.

JOHN C. TRAINOR, attorney for plaintiff in error.

ASHCRAFT & GORDON, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This was a suit by defendant in error against plaintiff in error, commenced before a justice of the peace, for professional services as a physician performed by the plaintiff, Hilton, for the defendant, Emmons. The plaintiff recovered judgment before the justice, and the defendant, Emmons, appealed to the Circuit Court, where the plaintiff again recovered and the defendant sued out a writ of error from this court.

Emmons, the plaintiff here, assigns as error that " the court erred in refusing defendant's counsel the right to examine the last five jurors impaneled." This assignment is based on the following statement in the bill of exceptions : " Objection and exception to the court refusing defendant's counsel an opportunity to examine the last five jurors, and objects to the jury being sworn to try the case. Objection overruled; to which ruling of the court the defendant, by his counsel, then and there duly excepted. Whereupon the court ordered the jury sworn to try the case, and thereupon said jury were sworn to try the case, to which defendant, by his counsel, then and there duly excepted."

This is all the record contains on the subject-matter of the assignment. It is not stated, except perhaps by implication, that the court refused to permit the defendant's attorney to examine the jury. What the court did or said, if anything, to create the impression in the mind of the defendant's attorney that he would not be permitted to examine the jury, is not stated, nor does it appear that he asked or attempted to ask any juror any question against which the court ruled. This assignment has no sufficient basis in the record.

Another error assigned is that the attorney of plaintiff in error was not permitted to address the jury. There was

some conflicting evidence in the case, as the court remarked
during the trial, and the court, by submitting the case to
the jury, was evidently of the opinion, in which we concur,
that the case should be so submitted.   This being so, it was
the right of plaintiff in error that his attorney should be
permitted to argue his case to the jury, and the question is
whether the attorney was prevented from so doing.   At the
close of the evidence, the plaintiff's attorney, Mr. Ashcraft,
moved the court to instruct the jury to find for the plaint-
iff, saying there was no evidence of malpractice, and no
reason why the plaintiff should put in any more evidence,
when the following occurred :

The Court :   " Perhaps that is so, but it is very evident
on this matter of the amount of money paid, .there is a
question."

Mr. Ashcraft :   " That would be left to the jury; but it is
to instruct the jury on the question of malpractice," etc.

.The attorney for plaintiff in error, after asking that the
jury should be withdrawn if the motion of defendant's
attorney was to be argued, and without waiting for a rul-
ing on that request, proceeded to argue against the motion,
and after he had concluded the court said that if there was
nothing more to be said (evidently referring to the motion
of the plaintiff's attorney) he would give the instruction in
writing as requested by the plaintiff, and thereupon the
court immediately read to the jury an instruction which
will be hereinafter referred to.   After the reading of the
instruction the attorney for plaintiff in .error objected,
among other things, that he had been deprived of argument.
We are of the opinion that he was so deprived, that in view
of what occurred, of the sequence of events in the proceed-
ings, and the apparent absence of any appreciable interval
between the decision of the motion and the reading of the
instruction, counsel for plaintiff in error had no opportunity
to address the jury on the evidence, and the court having
held, as do we, that the issues in the case should be sub-
mitted to the jury, we are of opinion that the error is well
assigned.

The giving of the following instruction is assigned as an error :

" The court instructs the jury that there is no evidence of malpractice or negligence that would warrant the jury in finding for or allowing for any deductions. for claim for malpractice or negligence, but the verdict shall be for the plaintiff for the amount the evidence shows to be the usual and reasonable compensation for such services as rendered by the plaintiff to the defendant, less whatever amount the jury may find from the evidence has been paid thereon."

The plaintiff (defendant here) testified to his charges against the defendant, amounting in all to $90.75, that they were usual charges for such services and were reasonable, and that the defendant had paid him, in all, $10. The plaintiff also testified to thirty or more visits or attendances on Emmons, and counsel for plaintiff in error, in the abstract, quotes plaintiff in error as testifying, " I paid him cash every time I went to his office." What he did testify was as follows :

Q. " Did you pay him cash every time you went to his office ? "

A. " I did pay him cash; yes, sir."

By the answer plaintiff in error may or may not have meant that he paid Dr. Hilton cash every time he went to his office. It is certainly not such a statement that he did so as would sustain an indictment for perjury, if false, but perhaps the jury would have been justified in inferring from the question and answer that the witness intended to be understood as stating that he paid cash every time he went to the doctor's office. Emmons testified that he went to the doctor's office for treatment almost every day from August 3d or 5th till some time in November, and defendant in error testified that Emmons only paid him cash on three several occasions, the payments being, respectively, $4, $5 and $1, or $10 in all. The only evidence with regard to the reasonableness of the charges made by Dr. Hilton was that of the doctor himself and of Doctor Rockwell, the former testifying to the reasonableness of all the charges,

and the latter to the reasonableness of one charge, which was for the only service of which he had any knowledge. Plaintiff in error called no witness as to the reasonableness of the charges. In view of the evidence, we think the instruction obnoxious to criticism.

The jury were not bound to accept as absolutely true the testimony of the plaintiff's witness that the charges were usual and reasonable; they had the right to pass on the credibility of those witnesses, and in so doing to consider their interest, if any, in the result of the suit, also what services were actually performed by the plaintiff and all facts proven in the case which tended to throw light on the question as to what would be a reasonable compensation.

The language "the verdict *shall* be for the plaintiff for the amount the evidence shows to be the usual and reasonable compensation for such services as rendered by the plaintiff to the defendant, less whatever amount the jury may find from the evidence has been paid thereon," is almost, if not quite, equivalent to instructing the jury to find as compensation the amount which the plaintiff's witnesses had testified to be usual and reasonable, viz., the amount of the plaintiff's bill, less any amount paid. It would seem that both the attorney for the plaintiff and the jury so understood the instruction. Plaintiff's attorney, after the court had read the instruction, remarked in the presence and hearing of the jury, "The amount of the bill is ninety dollars and the credit is ten dollars," and the jury found for the plaintiff for the amount of the bill less ten dollars, or eighty dollars.

It is not difficult to imagine a case in which the plaintiff might testify that charges were reasonable which any disinterested person would at once pronounce unreasonable and out of all proportion to the value of the services rendered. Such cases have occurred and doubtless will again. As to the reasonableness of the charges in the present case, we express no opinion; that will be a question for the jury, if the case shall be retried.

Judgment reversed and cause remanded.